IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cesar Robert Franco,<br><br>    Petitioner,<br><br>vs.<br><br>Greg Fizer, et al.,<br><br>    Respondents. | CV-06-270-TUC-FRZ (JCG)<br><br>**REPORT & RECOMMENDATION** |

    Petitioner Cesar Robert Franco, presently incarcerated at the Arizona State Prison Complex, Santa Rita Unit, in Tucson, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1), Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. No. 7), Petitioner's Reply (Doc. No. 8) and a supplement to Petitioner's Reply. (Doc. No. 9.) The Magistrate Judge recommends that the District Court dismiss the petition on the ground that it is time barred.

**FACTUAL AND PROCEDURAL BACKGROUND**

    On August 24, 2000, Petitioner was convicted of one count of manslaughter for the shooting death of a 16-year old girl. (Answer, Ex. A, pg.1.) On September 22, 2000, Petititioner was sentenced to an aggravated term of 15 years. (*Id.*)

On September 28, 2000, Petitioner filed a notice of appeal. (*Id*.) Petitioner presented four arguments on appeal: (1) Petitioner's due process rights were violated when the state failed to disclose that a key witness was a convicted narcotics dealer, (2) Petitioner's due process rights were violated when the state was permitted to introduce evidence of an alleged nine-year old prior accidental shooting, (3) Petitioner's due process rights were violated when the trial court aggravated Petitioner's sentence based on Petitioner's involvement in a prior accidental shooting, (4) Petitioner's due process rights were violated when the trial court aggravated Petitioner's sentence based on the age of the victim.

On February 25, 2001, Petitioner filed a notice of post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P. (Answer, Ex. A, pg. 1.) Petitioner filed his petition for post-conviction relief ("First Rule 32 Petition") on June 15, 2001, in which he raised a single claim: that he received ineffective assistance of trial counsel because his trial counsel failed to discover a key prosecution witness' prior narcotics conviction. (Answer, Ex. A, pg. 1; Ex. C, pg. 8.) The trial court denied relief on August 28, 2001. (Answer, Ex. D.) Petitioner petitioned for review by the Arizona Court of Appeals of the trial court's denial of his First Rule 32 Petition. (Answer, Ex. A, pg. 1.) In his petition for review, Petitioner again asserted that he received ineffective assistance of trial counsel because his trial counsel failed to discover a key prosecution witness' prior narcotics conviction; Petitioner also argued for the first time that his trial counsel was ineffective for failing to challenge the court's jury instructions. (Answer, Ex. C, pg. 8.)

The Arizona Court of Appeals consolidated Petitioner's appeal with his First Rule 32 Petition. (Answer, Ex. C.) On February 27, 2003, the Court of Appeals affirmed Petitioner's conviction and sentence and affirmed the trial court's denial of Petitioner's First Rule 32 Petition. (*Id*.)

Petitioner sought review by the Arizona Supreme Court. (Answer, Ex. E.) The Supreme Court denied review on September 11, 2003. (*Id*.) Petitioner did not petition the United States Supreme Court for certiorari.

On October 22, 2004, Petitioner filed a second petition for post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P. ("Second Rule 32 Petition"). In his Second Rule 32 Petition, Petitioner raised a single claim: that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004). (Answer, Ex. F.) On November 17, 2004, the trial court denied relief on the ground that *Blakely* was not retroactively applied and therefore did not apply to Petitioner's sentence. (Answer, Ex. H.) On June 29, 2005, the Arizona Court of Appeals affirmed the trial court's denial of post-conviction relief. (Answer, Ex. I.) On July 29, 2005, Petitioner filed a petition for review with the Arizona Supreme Court. (Answer, Ex. J.) On December 8, 2005, the Arizona Supreme Court denied review. (Answer, Ex. K.)

On May 30, 2006, Petitioner filed his present federal habeas petition in this Court. (Doc. No. 1.) The Petition presents one claim for relief: that Petitioner's sentence violated *Blakely v. Washington*.

## **DISCUSSION**

Federal petitions for writ of habeas corpus filed by state prisoners are governed by a one-year statute of limitations period. See 28 U.S.C. § 2244(d)(1).

The statute of limitations begins to run from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Petitioner's appeal and First Rule 32 Petition were denied on September 11, 2003, and his time to file a petition for certiorari with the United States Supreme Court expired on December 10, 2003, thus the judgment against Petitioner became final on December 10,

2003. *See Quintero Alvarez v. Schriro*, 2005 WL 3501409, *3 & n.3 (D. Ariz. 2005) (holding that, where petitioner's conviction is affirmed on direct appeal and petitioner does not petition for review of the court of appeals decision by the Arizona Supreme Court, petitioner's conviction became final 90 days after Arizona Court of Appeals denied petitioner's direct appeal, when the time to petition for writ of certiorari expired; collecting cases holding that the relevant statute of limitations begins to run on a federal habeas action when a petitioner stands convicted by a state court and the time for seeking certiorari by the United States Supreme Court expires, regardless of whether or not the petitioner actually sought certiorari); *see also Clay v. United States*, 537 U.S. 522, 530-532 (2003) ("The words 'by the conclusion of direct review or the expiration of the time for seeking such review' make it clear that finality for the purpose of § 2244(d)(1)(A) is to be determined by reference to a uniform federal rule.").[1]

The statute of limitations is tolled during the time that a properly filed application for state post-conviction relief is pending. *See* 28 U.S.C. § 2244(d)(2). Although Petitioner's conviction became final on December 10, 2003, the statute of limitations was tolled during the period that Petitioner's Second Rule 32 Petition was pending in state court. The statute was tolled from October 22, 2004, the date that Petitioner filed his Second Rule 32 Petition,[2] until the trial court dismissed Petitioner's Second Rule 32 petition on December 8, 2005,

---

[1] Petitioner alleges in his Petition and Supplemental Reply that his sentence violates *Blakely*. He asserts that the Petition was timely filed and the limitation period should begin as of the date of that decision. (Supplemental Reply, p. 2.) *Blakely* was decided on June 24, 2004. *See* 542 U.S. 296 (2004). If *Blakely* recognized a new constitutional right and made that right retroactive to cases on collateral review, then, pursuant to 28 U.S.C. § 2244(d)(1), Petitioner's statute of limitations would begin to run on June 24, 2004. However, *Blakely* does not apply retroactively on collateral review. *See Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005). Accordingly, Petitioner's time for filing a habeas petition began to run on December 10, 2003, the date that his conviction became final, not on the date that the *Blakely* decision was issued.

[2] Ordinarily, an application for post-conviction relief is "pending" when the notice of post-conviction relief is filed. *See Isley v. Ariz. Dep't. of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004). In the present case, Petitioner did not file his notice of post-conviction relief until three weeks after the Second Rule 32 Petition had been filed. (Answer, Exs. F & G.) The Court has therefore relied on the filing date of the Second Rule 32 Petition, rather than the notice, to determine when Petitioner's Second Rule 32 proceedings were pending.

when the Arizona Supreme Court denied review. It began running the next day, December 9, 2005.

Thus, 318 days passed between the time that Petitioner's judgment became final and the time that Petitioner initiated his Second Rule 32 proceedings. *See Biggs v. Duncan*, 339 F.3d 1045, 1047 (9th Cir. 2003) (holding that the time between the conclusion of a first round of post-conviction relief proceedings and a second round of post-conviction relief proceedings counts against 28 U.S.C. § 2244(d)(1)'s 1-year filing deadline). Accordingly, Petitioner had only 47 days from the December 8, 2005 dismissal of his Second Rule 32 Petition in which to file his federal Petition. In other words, Petitioner was required to file his federal Petition on or before January 23, 2006. Petitioner did not file his Petition until May 30, 2006; thus, the Petition was not timely filed.

Equitable tolling may be available even after the statute of limitations period has expired if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds*, *Calderon v. United States Dist. Ct.*, 163 F.3d 530 (9th Cir. 1998)(en banc). Equitable tolling is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, and is unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999) and *Beeler,* 128 F.3d at 1288). Petitioner argues in his Reply that the statute of limitations should be tolled because the Arizona prison system does not afford its inmates any access to a law library, and therefore Petitioner could not properly research the AEDPA statute of limitations. However, a *pro se* litigant's lack of legal knowledge does not constitute extraordinary circumstances justifying equitable tolling. *See Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006). Accordingly, the Petition is time-barred.

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition for Writ of Habeas Corpus.

1  Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within
2 ten days of being served with a copy of the Report and Recommendation.  If objections are
3 not timely filed, they may be deemed waived. The parties are advised that any objections
4 filed are to be identified with the following case number: **CV-06-270-TUC-FRZ**

5  The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner
6 and counsel for Respondents.

7  DATED this 10th day of October, 2007.

_____
Jennifer C. Guerin
United States Magistrate Judge